UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JESSE TORRES,<br><br>Defendant. | Case No. 1:07-cr-00235-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Christopher Torres's Motion for Clarification (Dkt. 82) and Motion to Appoint Counsel (Dkt. 84). The Government did not file a response to these motions. For the reasons outlined below, the Court finds good cause to DENY the motions.

## II. BACKGROUND

On February 23, 2016, Judge Edward Lodge revoked Torres's supervised release and sentenced him to 24 months incarceration to run consecutive to his State sentence. Judge Lodge did not impose any further supervised release after Torres completed his prison term. On April 24, 2020, Torres filed his Motion for Clarification (Dkt. 82). According to Torres, his federal sentence should have completed in 2019. Instead, he did not begin serving his 24-month sentence until early 2020. Torres subsequently filed a

Motion to Appoint Counsel (Dkt. 84) on May 22, 2020, asking the Court to appoint counsel to represent him on his Motion for Clarification.

### III. DISCUSSION

#### A. Motion for Clarification

Torres contends that he completed his state sentence on March 25, 2017, that his 24-month sentence imposed in this case should have started in 2017, ended in 2019, and the federal detainer should have been lifted at that time. He is asking the Court to clarify his sentence. However, a motion for clarification is not the proper vehicle for challenging the BOP's implementation of his sentence. *United States v. Vega*, 316 F. App'x 644, 645 (9th Cir. 2009). The Judgment in this case does not need further clarification as it is straightforward: "24 months to be served consecutive to the term of imprisonment to the State of Idaho Case CR-2015-0017613-N." *See* Dkt. 69, at 2.

It appears that Torres's claim is a challenge to the execution of his sentence, and must therefore be brought in a petition pursuant to 28 U.S.C. § 2241 in the district of imprisonment. *See Vega*, 316 F. App'x at 645; *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991). Accordingly, Torres's Motion for Clarification is DENIED.

#### B. Motion to Appoint Counsel

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release or for 2255 motions) rests with the discretion of the district court. *United States v. Harrington*,

410 F.3d 598, 600 (9th Cir. 2005).

In this case, Torres has not submitted anything other than his request for counsel to support his motion to clarify his sentence. Accordingly, the Court DENIES Torres's request to appoint counsel without prejudice.

## IV. ORDER

IT IS HEREBY ORDERED that

1. Defendant's Motion for Clarification (Dkt. 82) is DENIED.
2. Defendant's Motion to Appoint Counsel (Dkt. 84) is DENIED.

DATED: July 19, 2021

_____
David C. Nye
Chief U.S. District Court Judge